**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

CLARENCE TONEY,                    :
                                   :    Civil Action No. 09-1645 (RBK)
          Petitioner,     :
                                   :
          v.                       :         **O P I N I O N**
                                   :
                                   :
UNITED STATES OF AMERICA,          :
                                   :
          Respondent.     :

On or about September 2, 2008, Petitioner, Clarence Toney, submitted a civil petition, styled as a Motion for Equitable Relief in the Nature of Coram Nobis, challenging the consecutive running of his federal sentence to that of a state sentence that was not in existence at the time his federal sentence was imposed.  The motion was docketed in Petitioner's closed criminal matter.  Therefore, on April 8, 2009, this Court ordered the Clerk of the Court to open a new civil matter under the habeas corpus nature of suit to address Petitioner's claims.

The Motion was filed as a petition for a writ of habeas corpus.  Respondent was ordered to answer, and on December 4, 2009 filed a response to the petition and the relevant record. On January 5, 2010, Petitioner filed a reply to the response.

The Court has reviewed all submissions.  For the following reasons, the petition must be denied.

**BACKGROUND**

On June 3, 1983, Petitioner was convicted in this District Court, of bank robbery and related assault charges, in violation of 18 U.S.C. §§ 2113(a) and (d). He was sentenced to serve a custodial term of 25 years. The sentencing judge, the Honorable Stanley S. Brotman, did not state whether the 25 year term was to be served concurrent with or consecutive to any other sentence. The transcript of the sentencing no longer exists.

On April 22, 1985, Petitioner was sentenced to serve a 25-60 year custodial term after convictions for robberies and a kidnaping. He is currently confined in Pennsylvania state court serving this Pennsylvania state sentence. His minimum service date is September 23, 2017.

On April 25, 1986, Petitioner was sentenced in the United States District Court, Central District of California, to a 20 year term of imprisonment for federal bank robbery charges. That sentence was made concurrent with this Court's 25 year term for bank robbery convictions, imposed on June 3, 1983.

Currently, the United States Marshals Service has lodged detainers with the Pennsylvania authorities to take custody of Petitioner after his completion of the Pennsylvania state sentence, to bring him into federal custody.

Petitioner asks this Court to "set aside the application of the consecutive running of his federal sentence to that of a

state sentence that was not in existence at the time his federal sentence was imposed." (Motion, p. 1). He asks this Court to order a new sentencing hearing, and "declare on the record that his [federal] sentence should run concurrent to his state sentence, as fundamental justice requires." (Motion, p. 8).

## DISCUSSION

Respondent informs this Court that Petitioner's request for concurrent sentencing has been construed by the Bureau of Prisons ("BOP") as a request for nunc pro tunc designation. See Barden v. Keohane, 921 F.2d 476, 483 (3d Cir.1990) (through designating state prison as "place of confinement" Bureau of Prisons may give credit against federal sentence for time spent in state custody). Respondent informs this Court that the BOP is "undertaking the necessary information gathering to assist the agency in arriving at a decision on such a request." (Answer, p. 4). If the BOP grants the request, Petitioner's relief he seeks here will be granted; however, if the BOP denies the request, Petitioner may appeal the denial and exhaust his administrative remedies, and then file a new § 2241 application for habeas relief.

With regard to his request for relief before this Court, Petitioner, having been sentenced in the early 1980's, is considered an "old law" prisoner for sentencing purposes; that is, he was sentenced prior to the effective date of the Sentencing Reform Act of 1984. As such, his federal sentence

does not begin to run until he is "received at the penitentiary,
reformatory, or jail for service of such sentence."  See 18
U.S.C. § 3568.  Thus, according to the "old law," the very
earliest possible date on which Petitioner can begin to serve his
federal sentence is not while he is in state custody, but rather
when, or if, he is paroled by Pennsylvania state authorities,
possibly on September 23, 2017.  See United States v. Pungitore,
910 F.2d 1084, 1119 (3d Cir. 1990)("As under 18 U.S.C. § 3568,
for offenses committed prior to November 1, 1987, a federal
sentence does not begin to run until the defendant is delivered
to the place where the sentence is to be served[;] a district
court's imposition of a consecutive federal sentence in no way
encroaches upon the authority of the Attorney General under
section 4082(a) to 'designate the place of confinement.'  He
simply will not be called upon to do so until the state sentence
is completed and the defendant is delivered to federal
custody.").

As noted by Respondent, even under today's version of 18
U.S.C. § 3584(a), Petitioner would not be entitled to the relief
he seeks through this Court because: (1) this District Court did
not specify that the federal sentence was to be served
concurrently with any other sentence; and (2) a federal court
does not have authority to order concurrent terms of imprisonment
when the state sentence has not yet been imposed.  See Best v.

4

<u>Miner</u> 2006 WL 1320020 at *2 (D.N.J. May 15, 2006); <u>Barden</u>, 921 F.2d at 484.

Because Petitioner is not entitled to relief, and because the BOP is reviewing his case for possible <u>nunc</u> <u>pro</u> <u>tunc</u> designation, this Court will deny this case, without prejudice, to Petitioner refiling if and when the <u>nunc</u> <u>pro</u> <u>tunc</u> designation is denied by the BOP and Petitioner has exhausted all administrative remedies.

## **CONCLUSION**

For the foregoing reasons, this matter will be denied, without prejudice.  An appropriate Order accompanies this Opinion.


                                    s/Robert B. Kugler
                                    ROBERT B. KUGLER
                                    United States District Court

Dated: July 15, 2010